**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **PAMELA ABBOTT-BROOKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  6:26-cv-03415-MDH** |
| | ) | |
| **C. WAYNE THOMAS et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

Before the Court is Plaintiff Pamela Abbott-Brooker's *Pro Se* Motion for Leave to Proceed *In Forma Pauperis* and Emergency Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction. (Docs. 1 and 2). Plaintiff has attached her Application to Proceed Without Prepaying Fees or Costs in support. (Doc. 1-1).  Plaintiff wishes to proceed *in forma pauperis* seeking damages and a right to return to property located at 185 Corkery Road, Lebanon, Missouri 65536 (the "Property"). Plaintiff also seeks temporary and preliminary injunctive relief enjoining Defendants from prohibiting Plaintiff from the Property during the pendency of this case.

**I.      Motion for Leave to Proceed *In Forma Pauperis***

"Under 28 U.S.C. § 1915, the decision whether to grant or deny *in forma pauperis* status is within the sound discretion of the trial court." *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983).  The Court is also required to conduct a review of Plaintiff's Complaint to be filed *in forma pauperis.  See* 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that …. (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which

1

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Here, Plaintiff's financial condition and status may well qualify her to proceed *in forma pauperis*. However, before Plaintiffs may proceed, the Court must preliminarily consider the allegations of the Complaint under the three-prong test. Plaintiff's Proposed Complaint lists only one claim of fraud. Plaintiff's claim stems from the Circuit Court of Dallas County, Missouri case 24DA-CC00017 - *C.W. Thomas Et Al v. Pamela Abbott-Brooker*. Plaintiff states:

> Defendants acted with malice, fraud, and gross negligence. On April 28, 2025 bench trial, the Defendants knowingly entered a fraudulent contract for deed at the Dallas County Civil Court. Defendants, C. Wayne Thomas and wife Doris M. Thomas, with their attorney, Donald M. Brown used this forged contract to intentionally deceive the judge. This fraud deprived Plaintiff of her near 50 acre farm home, land and equity.

(Doc. 1-2, page 6).

After review of Plaintiff's Proposed Complaint, the Court finds that Plaintiff fails to state a claim upon which relief can be granted. On April 29, 2024, Defendants C. Wayne Thomas and Doris M. Thomas filed a petition in the Circuit Court of Dallas County, Missouri alleging one count of breach of contact for deed and right to possession/damages and one count ejectment. *Id*. On May 14, 2025, the circuit court filed a judgment entry finding that:

> [Pamela Abbott-Brooker] has defaulted on the Contract for Deed executed between [C. Wayne Thomas and Doris M. Thomas] and [Pamela Abbott-Brooker] on or about August 26, 2016. Further, [Pamela Abbott-Brooker] has failed to cure default, and the said Contract for Deed has been and is validly terminated by [C. Wayne Thomas and Doris M. Thomas], who are seeking immediate possession of the real estate subject to the said Contract for Deed. … [C. Wayne Thomas and Doris M. Thomas] be granted possession of the property[.]

*Id*. Plaintiff subsequently filed an Emergency Petition for the Motion to Stay/Eviction Petition for an Original Writ to which the Missouri Court of Appeal for the Southern District denied. *Id*. On May 15, 2026, Defendants Wayne and Doris Thomas requested from the circuit court a Writ of

2

Execution for Possession of Premises for the Property which the circuit court granted on June 4, 2026. *Id*. Plaintiff once again filed an appeal to the Missouri Court of Appeals for the Southern Division. *Id*.

Here, the Rocker-Feldman doctrine applies. "The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." *Kvalvog v. Park Christian Sch., Inc.*, 66 F.4th 1147, 1152 (8th Cir. 2023) (quoting *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005)). "The doctrine applies only in limited circumstances where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Lance v. Dennis*, 546 U.S. 459, 466, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006). However, "[i]f a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached then there is jurisdiction." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

Plaintiff asks this Court to void and to issue injunctive relief contravening the adjudication made by the Circuit Court of Dallas County, Missouri finding Defendants Wayne and Doris Thomas are the rightful owners of said property. This is, by definition, an appeal of an unfavorable state-decision to a lower federal court. This Court does not have jurisdiction to adjudicate Plaintiff's claims. Further, the federal courts share concerns for finality and consistency and have generally declined to expand opportunities for collateral attack on a state's judgment of finality. *Heck v. Humphrey*, 512 U.S. 477, 484–85, 114 S. Ct. 2364, 2371, 129 L. Ed. 2d 383 (1994). For the reasons stated, the Court will deny Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* for failure to state a claim upon which relief can be granted.

**II.     Motion for Temporary Restraining Order and Request for Preliminary Injunction**

3

The Court having denied Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* finds Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction is found as moot.

**CONCLUSION**

The Court finds Plaintiff's Application to Proceed Without Paying Fees or Costs establishes that she is unable to pay filing fees and court costs associated with bringing this Complaint. However, Plaintiff fails to state a claim upon which relief can be granted and thus Plaintiff's *Pro Se* Motion for Leave to File *In Forma Pauperis* is **DENIED**. Plaintiff's *Pro Se* Motion for Temporary Restraining Order and Preliminary Injunction is **FOUND AS MOOT**.

**IT IS SO ORDERED.**

Date: July 21, 2026

   */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

4